IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW BROWN,

      Plaintiff,

v.                              CASE NO. 1:13-cv-145-MP-GRJ

MAYO CORRECTIONAL INSTITUTION,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, Doc. 38, and his filing entitled "Safety of Plaintiff," Doc. 41.  In his motion, Plaintiff requests that he be transferred to another prison, preferably in the Orlando area, or to a prison south of the central Florida area.  He also requests that the Court direct mail room staff at Mayo C.I, Plaintiff's present institution, to stop "violating Plaintiff Constitutional RIGHTS."  In his document entitled "Safety of Plaintiff," Plaintiff states that he is in fear for his life, safety, and legal cases, and requests that he be transferred as requested in his motion, Doc. 38.

By way of background, the undersigned has directed Plaintiff to amend his complaint to reflect only clearly related claims that stem from the same basic event or occurrence.  The amended complaint is due on or before July 7, 2014.

## Temporary Restraining Order

Plaintiff has failed to demonstrate entitlement to a temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if:

> [S]pecific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the
> movant before the adverse party can be heard in opposition; and the
> movant's attorney certifies in writing any efforts made to give notice
> and the reasons why it should not be required.

Plaintiff has made no attempt to certify any efforts he has made to give notice to

Defendants or why notice should not be required.  Accordingly, his motion does not

comply with Rule 65(b)(1)(B) and is procedurally defective on its face.

Plaintiff also fails to identify the parties over whom he requests the Court

exercise jurisdiction.  This is especially problematic where Plaintiff has been directed to

amend his complaint because his original complaint has misjoined multiple defendants

and conglomerated unrelated claims.  Furthermore, Plaintiff's has failed to show that

immediate and irreparable injury will occur before Defendants can be heard.

## Preliminary Injunction

Granting or denying a preliminary injunction is a decision within the discretion of

the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d

1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th

Cir. 1983)*.*  Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an

injunction may cause the defendant;  and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112

F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.*

A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

Plaintiff makes generalized claims that prison officials have retaliated against him, disregarded his rights, and mishandled his mail.  However, he does not allege substantial facts supporting a threat of irreparable injury.  Plaintiff is clearly able to prepare documents to submit to the Court, based on the filing of the instant motion as well as a number of letters and other inquiries to the Court.  Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief.  Plaintiff's allegations are not sufficient to invoke the drastic remedy of a preliminary injunction.

## Request for Transfer

Further, to the extent that Plaintiff is requesting that the Court transfer him, the Court has already explained in its previous order, Doc. 24, that the Court may not do so.  As the Court previously explained, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing.  This extends to their housing within an institution.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Clark v. Browers*, 2005 WL 1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *see also Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer

and more secure at current institution, court denied inmate's application for emergency

stay while appeal from denial of motion for preliminary injunctive relief was pending in

court of appeals because "[t]he Attorney General has authority to transfer [the inmate]

from one facility to another in his discretion.")

 Plaintiff expresses a subjective belief that his safety is in danger, but his

allegations present no basis for seeking court intervention regarding his place of

confinement, a matter within the purview of the Department of Corrections.

<u>**CONCLUSION**</u>

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion

for Temporary Restraining Order and/or Preliminary Injunction, Doc. 38, and his filing

entitled "Safety of Plaintiff," Doc. 41 be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida  this 4th day of June 2014.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>
**A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14 days after
being served with a copy thereof.  Failure to file specific objections limits the scope of
review of proposed factual findings and recommendations.**