IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW L. BROWN,

    Plaintiff,

v.                                  CASE NO. 1:13-cv-00145-MP-GRJ

MAYO CORRECTIONAL INSTITUTION,

    Defendant.

_____/

**O R D E R**

    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated June 4, 2014. (Doc. 44).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Plaintiff has filed timely objections at doc. 59.  Several days after filing his objections, Plaintiff also filed a "Supplement/Amended Motion of Objection," liberally construed as a motion to supplement/amend Plaintiff's objections.  (Doc. 60).  Although this motion to supplement was filed after the deadline for filing objections, in light of Plaintiff's *pro se* status, this Court has made a de novo review based on both Plaintiff's objections (doc. 59) and his supplement thereto (doc. 60).

    Having considered the Report and Recommendation, the timely filed objections, and the supplement thereto, I have determined that the Report and Recommendation should be adopted. The Magistrate Judge recommends denying both Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 38) and Plaintiff's filing entitled "Safety of Plaintiff" (doc. 41), based on the substance of those filings.  The undersigned writes separately to note that

the filings should also be denied as moot.

At the time of those filings, Plaintiff was confined at the Mayo Correctional Institution. He sought a temporary restraining order and/or a preliminary injunction against the Mayo Correctional Institution and various prison officials thereat. He also sought transfer to another facility. The record reflects that subsequent to those filings, Plaintiff was transferred to the Hamilton Correctional Institution. *See* Docs. 54, 59, 60. Because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred, Plaintiff's requests are now moot. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988); *Larkin v. Lawrence*, No. CV-309-024, 2009 WL 2940066, at *1–2 (S.D. Ga. Sept. 11, 2009). Furthermore, because Plaintiff is no longer confined at the Mayo Correctional Institution, Plaintiff's "allegations fail to establish a substantial threat of irreparable injury if the temporary restraining order/injunction is not granted." *Smith v. Tifft*, No. 3:12-cv-172-RV-CJK, 2013 WL 5232116, at *2 (N.D. Fla. Sept. 16, 2013). For these reasons, as well as the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff's motion (doc. 38) as well as his related filing (doc. 41) must be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's motion to supplement/amend objections (doc. 60) is GRANTED to the extent that this Court has made a de novo review based on the objections therein.

2. The Magistrate Judge's Report and Recommendation (doc. 44) is adopted and incorporated by reference in this order.

3. Plaintiff's motion for Temporary Restraining Order And/Or Preliminary Injunction (doc. 38), as well as his filing entitled "Safety of Plaintiff" (doc. 41) are DENIED.

**DONE AND ORDERED** this  *27th* day of October, 2014

                                *s/Maurice M. Paul*
                                Maurice M. Paul, Senior District Judge